100   653
109   327
100   653
117    60

---

JOSEPH H. BARRETT, *et al.*, Appellants, v. THOMAS KEVANE, *et al.*

**Taxation:** GOVERNMENT LANDS: *Construction of statute.* ˙ Under Revision 1860, section 711, sub-division 7, providing that govern ment lands entered shall not be taxed for the year in which the entry, location or purchase was made; and section 712, making all real estate not exempt by the preceding section, subject to tax- ation,—lands entered in 1869 were not exempt from taxation for the year 1870, no matter when the patent issued.

SAME: *Presumptions.* Under Code, section 897, providing that a tax deed is presumptive evidence that the land was subject to tax- ation, and had been listed and assessed, the fact that the county records do not show that the land was not assessed for the year 1870, will not overcome the presumption of validity of the sale for taxes for such year, where a large part of the county records, including the assessor's books, were destroyed by fire in the year 1877.

*Appeal from Buena Vista District Court.*—Hon. Lot
Thomas, Judge.

SATURDAY, JANUARY 23, 1897.

ACTION in equity to redeem land from tax sale,
and for general equitable relief. There was a hearing
on the merits, and a decree in favor of the defendants.
The plaintiffs appeal.

*T. D. Higgs* and *F. J. Brown* for appellants.

*James De Land* and *A. D. Bailie* for appellees.

ROBINSON, J.—On the seventeenth day of June,
1869, Converse Barrett entered the south half of
section 22 in township No. 92 N., of range No. 37 W.,
in Buena Vista county, and in January of the next
year a patent therefor was issued to him. On the
twenty-fourth day of December, A. D. 1873, he died
intestate, leaving a widow and two minor sons. The
latter have become of legal age, and are plaintiffs in
this action. They allege that they are the owners of
the land described. The defendants Thomas Kevane,
James Kevane, Catherine Carney, and R. H. Brown
claim to own the land by virtue of certain tax deeds.
One of those was issued in October, 1874, and purports
to convey all of the half section excepting the north-
west quarter of the east half, on account of a sale
made in October, 1871, for the delinquent taxes of the
year 1870. Another was issued in May, A. D. 1877,
and purports to convey the northwest quarter of the
east half of the half section, on account of a sale for
delinquent taxes made in February, A. D. 1874. A
third tax deed was issued in August, A. D. 1879, and
purports to convey the south half, and the northeast
quarter of the east half, and the west half, of the half

section, on account of a sale for delinquent taxes made in October, 1875. The defendants named, claim to be the owners of the title conveyed by those deeds, and by a quit-claim deed for the half section executed by the widow of Converse Barrett in the year 1877, and ask that the title to the land be quieted in them according to their respective interests. The district court adjudged that the plaintiffs were not entitled to any relief, and quieted the title to the land. in the defendants as prayed.

I.   The petition of the plaintiffs attacks but one tax sale,—that for the delinquent taxes of the year 1870, made in the year 1871. The grounds upon which the sale is said to have been illegal are substantially as follows: (1) That the land was not subject to taxation for the year 1870; (2) that it was not in fact listed for taxation, nor assessed, for that year; (3) that the sale was fraudulently conducted, in that all the parties who bid at the sale agreed not to bid against each other, and to share the sales between them. There is no evidence whatever to sustain the last ground, and it will not be further considered.

The statute in this state in force in the year 1870, provided that "government lands entered or located, * * * shall not be taxed for the year in which the entry, location or purchase was made." Revision, 1860, section 711, sub-division 7. As has been stated, the land in question was entered in the year 1869, and under the provision quoted was not taxable for that year. But the liability of land for taxation does not depend upon the issue of a patent. In many cases it is taxable before the patent issues. *Goodnow v. Wells*, 67 Iowa, 659 (25 N. W. Rep. 864). Section 712 of the Revision of 1860, made all real property not exempted from taxation by the preceding section subject to taxation. As that only relieved the land in question from taxation prior to and for

the year it was entered or located, it was subject to taxation for the year 1870. Section 720 of the Revision of 1860, required all real property subject to taxation to be listed for that purpose in the year 1861, and every second year thereafter, and provided that in each year in which real estate was not regularly assessed it should be the duty of the assessor "to list and value any real property not included in the previous assessment." In case real estate subject to taxation had been omitted from assessment by the officer whose duty it was to assess it, the county treasurer was required to assess it. Section 752. It follows from what we have said that not only was the land in question taxable for the year 1870, but the law required that it be listed and assessed for that year.

II. The claim of the plaintiffs that the land was not assessed for the year 1870, is based upon the fact that the records of Buena Vista county do not show that it was so assessed; but it is shown without dispute that the courthouse of the county, and nearly all of the public records therein contained, were destroyed by fire in January, 1877. Some account books of the treasurer's office, and a record book, containing proceedings of the board of supervisors, the tax-sale books, some account books, and a few others, belonging to the auditor's office, were saved; but all other records belonging to these two offices, including assessor's books, were destroyed. The tax deeds are presumptive evidence that the land in question was subject to taxation for the year for the delinquent taxes of which it was sold; that the taxes were not paid before the respective sales; that the land had not been redeemed from the sales when the deeds were issued; that the land had been listed and assessed, the taxes levied, and the land duly advertised for sale; and that it was sold for taxes as stated in the deeds. Code, section 897. The presumptions

thus authorized have not been overcome by the plaintiffs. The fact that the county records, as they now exist, fail to show these things to have been done which the tax deeds require us to presume were done, is entitled to no weight, in view of the destruction of the records shown. The record of the proceedings of the board of supervisors, which was preserved, shows that the taxes for the year 1870 were duly levied at the time and in the manner required by law, and none of the records preserved tend to rebut, in any manner, the presumptions which the tax deeds authorize. We conclude that the plaintiffs have failed to show any illegality in the tax sales and tax deeds which they have attacked, and that the decree of the district court is fully sustained by the evidence.

This conclusion makes it unnecessary to consider the effect of the various deeds under which the defendants claim, and which are not alleged to be invalid, had the plaintiffs been successful as to the sale and deed of which they complain; and it is not necessary to determine other questions discussed by the counsel. We do not find in them anything material to the disposition of the case. The decree of the district court is AFFIRMED.